UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RELIABLE SALVAGE AND TOWING, INC.,

            Plaintiff,

-vs-                                            Case No.   2:06-cv-534-FtM-34SPC

STENZEL GUNTER, and JUERGEN KREUZER,

            Defendants.
_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Plaintiff Reliable Salvage and Towing, Inc.'s Motion for Attorney's Fees Against the Defendant (Doc. #19) filed on July 12, 2007. On November 7, 2007, the District Court referred the Motion to this Court for a Report and Recommendation regarding the amount of fees and costs to be paid. The Defendant never filed an answer or appeared in the case, therefore, the matter is now ripe for review.

      On June 27, 2007, the District Court entered an Order for Default Judgment (Doc. # 17). In granting the Default Judgment, the District Court held that attorney's fees and costs were allowable in this case. Therefore the issue is whether or not the attorney's fees and costs are reasonable.

*Whether the Attorney's Fees are Reasonable*

    "A reasonable attorney's fee is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Am. Civil Liberties Union of Georgia, v. Barnes, 168 F.3d 423, 427 (11th Cir 1999). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable

skills, experience and reputation." Id. at 436 (citing Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. Am. Civil Liberties Union of Georgia, 168 F.3d at 427.

The Plaintiff's Atty. Frank D. Butler, Esq. states he spent exactly six (6) hours on this case. After reviewing his billable hours, the Court finds that Atty. Butler's hours are reasonable for the representation given in this case. Attorney Butler charges an hourly rate of $300.00 for his representation. To justify his hourly rate, Atty. Butler states he has practiced admiralty law for the past fifteen years and is a member of the Southeastern Admiralty Law Institute. Atty. Butler notes that of the more than 80,000 members of the Florida Bar only 250 maritime attorneys are admitted to the Southeastern Admiralty Law Institute. Further, Atty. Butler provided an order from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsboro County, Florida, in which the Circuit Judge found his rate of $300.00 to be reasonable.

Given the complicated nature of most admiralty law actions and Atty. Butler's experience in the area, the Court finds that $300.00 per hour is a reasonable rate for his services. Therefore, it is respectfully recommended that Atty. Butler's fee of $1800.00 is reasonable and should be paid in full by the Defendants.

*Whether the Plaintiff's Costs are Reasonable*

Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to receive costs other than attorneys fees. Fed.R.Civ.P. 54(d)(1). The presumption is in favor of awarding costs. Arcadian Fertilizer, L.P. v. MPW Indus. Services, Inc., 249 F.3d 1293, *1296 (11th Cir. 2001) (citing Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir.1991)). The recovery under Rule 54(d)

is, however, limited to the specific costs allowed under 28 U.S.C. § 1920. Id. These are known as recoverable statutory costs. Id. Any expenses beyond recoverable statutory costs or the fees awarded to compensate for an attorney's time should be pursued under 42 U.S.C. § 2000e-5(k). Id. Such expenses are known as non-statutory and are subsumed within the concept of a reasonable attorney's fee. Id. (citing Allen v. Freeman, 122 F.R.D. 589, 591 (S.D. Fla. 1988).

The categories of costs and fees that a judge or clerk of court may tax are enumerated in 28 U.S.C. § 1920. The Supreme Court has explained, absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920 . Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445, 107 S.Ct. 2494, 2499, 96 L.Ed.2d 385 (1987). Twenty eight U.S.C. § 1920 reads in pertinent part:

> [a] judge or clerk of any court of the Untied States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment decree.

The Plaintiff filed $84.04 in UPS costs, $65.00 for Associated Professional Investigations investigative services, $5.24 for Accurint Search, and $9.81 for postage. Those costs are not allowed under § 1920 and therefore should be disallowed. The remaining costs of $350.00 for the filing fee


and $12.00 for copies are allowed under the statute. Therefore, it is respectfully recommended that the costs submitted in the Plaintiff's Bill of Costs requesting $516.35 in costs should be reduced to $362.00.

Additionally, the Plaintiff requests the Court to enforce its judgment for $2,400.00 plus interest. However, that is a matter for a separate motion for execution of judgement and will not be addressed in this Report and Recommendation regarding attorney's fees and costs..

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Plaintiff Reliable Salvage and Towing, Inc.'s Motion for Attorney's Fees Against the Defendant (Doc. #19) should be **GRANTED** as follows:

(1) Atty. Franks D. Butler should be paid a total of **$1,800.00** in attorney's fees.

(2) The Plaintiff's costs for filing fees and copying should be paid in accord with 28 U.S.C. § 1920 for a total of **$362.00** in costs.

(3) Total award of fees and costs should be **$2,162.00**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this ___20th___ day of November, 2007.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record