**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

RELIABLE SALVAGE AND TOWING, INC.,

    Plaintiff,

vs.                                                    Case No. 2:06-cv-534-FtM-34SPC

STENZEL GUNTER, and JUERGEN KREUZER,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Dkt. No. 22; Report), entered on November 20, 2007, recommending that Plaintiff Reliable Salvage and Towing, Inc.'s Motion for Attorney's Fees Against the Defendant (Dkt. No. 19; Motion) be granted to the extent that Plaintiff should be awarded $1,800.00 in attorney's fees and $362.00 in costs. See Report at 4. The parties have failed to file objections to the Report, and the time for doing so has now passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994);

United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Based upon an independent examination of the record and a de novo review of the legal conclusions, the Court will **adopt, in part, and modify, in part**, the Report of the Magistrate Judge.  The Court will adopt the Magistrate Judge's recommendation that Plaintiff's Counsel Frank D. Butler is entitled to an award of attorney's fees in the amount of $1,800.00. See Report at 1-2. In addition, with respect to the costs requested by Plaintiff, the Court will adopt the Magistrate Judge's conclusion that Plaintiff should be reimbursed for the $350.00 filing fee.  See id. at 3-4.  However, the Court finds that Plaintiff is not entitled to be reimbursed for copying costs under 28 U.S.C. § 1920.  Section 1920(4) permits the taxation of costs for certain copies and exemplifications. See Arcadian Fertilizer, L.P. v. MPW Indus. Services, Inc., 249 F.3d 1293, 1296 (11th Cir. 2001).  In order to tax costs pursuant to § 1920(4), the item must be either a copy of paper or an exemplification. See id.  Furthermore, these items must have been necessarily obtained for use in the case. See U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2000). To establish necessity, the prevailing party need not show that the documents were introduced into evidence or submitted to the court.  See id.; see also Horton Homes, Inc. v. United States, No. CIVA5:01-CV-130-2, 2004 WL 1719354, at *2 (M.D.Ga. Jun. 10, 2004).  Instead, the standard is "whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." W&O, Inc., 213 F.3d at 623.  In the instant case, Plaintiff provides no explanation as to the nature of the copies or why the copies were made. See Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994) (finding that a

2

district court did not err in disallowing photocopying costs where the plaintiffs did not provide evidence regarding the documents use or intended use). Moreover, Plaintiff failed to present any evidence demonstrating that it "could have reasonably believed that it was necessary to copy the papers at issue." W&O, Inc., 213 F.3d at 623. In light of the foregoing, the Court concludes that Plaintiff's request for an award of copying costs is due to be denied. Finally, the Court finds that Plaintiff's request to be reimbursed $67.96 for service of process fees is due to be granted. See Motion at Bill of Costs; W&O, Inc., 213 F.3d at 624 (finding that a prevailing party may tax the costs of a private process server pursuant to § 1920(1)).

Accordingly, it is **ORDERED**:

1.  Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Dkt. No. 22) is **ADOPTED, IN PART, and MODIFIED, IN PART,** as the opinion of the Court.

    a.  The Report and Recommendation is **ADOPTED** to the extent that the Court finds that Plaintiff is due to be awarded $1,800.00 in attorney's fees and $350.00 in filing fees.

    b.  The Report and Recommendation is **MODIFIED** to the extent that the Court finds, pursuant to 28 U.S.C. § 1920, that Plaintiff is not entitled to receive its requested copying expenses but is due to be awarded $67.96 in service of process fees.

2.  Plaintiff Reliable Salvage and Towing, Inc.'s Motion for Attorney's Fees Against the Defendant (Dkt. No. 19) is **GRANTED, IN PART, and DENIED, IN PART**.

      a.      The Motion is **GRANTED** to the extent that the Court finds that Plaintiff is entitled to an award of attorney's fees in the amount of $1,800.00 and that costs should be taxed pursuant to 28 U.S.C. § 1920 in the amount of $417.96.

      b.      Otherwise, the Motion is **DENIED**.

    3.    The Clerk of the Court is directed to enter an Amended Judgment adding that Plaintiff is awarded attorney's fees in the amount of $1,800.00 and costs in the amount of $417.96, for a total award of $2,217.96.

**DONE AND ORDERED** in Fort Myers, Florida, this 21st day of December, 2007.

                                                             **MARCIA MORALES HOWARD**
                                                             United States District Judge

lc3

Copies to:

Counsel of Record